UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MONDARAY WHITAKER                                             18-CV-6897

                           Plaintiff,                    **COMPLAINT**

   -against-                                                     **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
RENE CASTELLANO [Shield # 2610] and
JOHN DOE AND JANE DOE
(the names John and Jane Doe being fictitious
as their true names are presently unknown),

                           Defendants.
-------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants herein, City of New York, P.O. Rene Castellano [Shield # 2610], and John Doe and Jane Doe (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks damages for: the false arrest, false imprisonment, and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

6. Plaintiff, a black male, is and was at all times material a resident of the United States and State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department (NYPD) - and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendant P.O. Rene Castellano [Shield # 2610] was at all times material herein a police officer employed by the NYPD.

9. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD.

10. Plaintiff is suing the defendant officers in their individual and official capacities.

## NOTICE OF CLAIM

11. Plaintiff, in furtherance of his state causes of action, filed timely notice of claim against the City, in compliance with General Municipal Law Section 50.

12. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about August 17, 2016, at approximately 6:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause near 1907 Pacific Street, Brooklyn, New York, and charged plaintiff with PL 220.21 'Criminal possession of a controlled substance in the first degree', PL 265.01(8) 'Criminal possession of a weapon in the fourth degree', PL 221.05 'Unlawful possession of marijuana', and PL 165.40 'Criminal possession of stolen property', among other charges.

15. Plaintiff, however, was not in possession of any controlled substance, weapon or stolen property, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to plaintiff's arrest, plaintiff and his friend Jean Baptiste were fixing Jenna Fisher's car parked on Pacific Street, Brooklyn, NY. Jenna Fisher was plaintiff's girlfriend.

17. While plaintiff and Baptiste were fixing the car as aforesaid, plaintiff saw police officers and a SWAT team arrive in many vehicles and stopped in front of 1907 Pacific Street,

which was located about three buildings away from where plaintiff and Baptiste were working on the car. There were many people out in the street and porches watching the officers.

18. Plaintiff and Baptiste stood on the street and watched as the officers entered 1907 Pacific Street. The officers arrested one guy inside the building and brought him out and sat him in front of the building.

19. Then one of the officers approached plaintiff and Baptiste where they were working on the car and asked what was going on. Plaintiff and Baptiste told the officer that they were fixing the car belonging to plaintiff's girlfriend

20. The officer demanded to search them and he promised that if he searched them and found nothing he would let them continue their work.

21. The officer searched plaintiff and Baptiste and the car they were fixing, and found nothing illegal.

22. Then the officer called up the superior officer in the team and advised him that plaintiff and his friend were "clean", but the superior officer instructed him to bring plaintiff and Baptiste over to 1907 Pacific Street.

23. The officer took plaintiff and Baptiste to 1907 Pacific Street and sat them on the front steps of the building with the other guy who the officers had arrested when they raided inside the building.

24. Plaintiff does not know the guy arrested inside the building, and plaintiff was never in that building prior to or at the time the officers raided the building.

25. As plaintiff, Baptiste and the other guy were held on the steps of the building, the officers brought another guy Applewhite from few buildings away and sat him on the steps with

plaintiff and the others.

26. The officers tightly handcuffed the plaintiff with his hands behind his back.

27. After handcuffing plaintiff, the defendants proceeded to perform a search of the plaintiff.

28. The defendants did not find any contraband on the plaintiff.

29. The defendants removed $300 from plaintiff's pocket. The money belonged to plaintiff's girlfriend Jenna Fisher. The defendants have refused and/or failed to return the money to plaintiff even after the dismissal of the charges brought against plaintiff.

30. Plaintiff asked the officers the reason for his arrest. plaintiff told the officers that he had done nothing wrong and that he had no connection to the premises they had raided or the people who occupy said premises.

31. The officers claimed that plaintiff had obstructed their entry into the premises by holding the door to prevent them from entering. They also claimed to have found plaintiff in backroom of 1907 Pacific Street with a backpack full of drugs.

32. Plaintiff was actually arrested on the street where he and Baptiste were working on the car - more than 100 feet from 1907 Pacific Street raided by the police.

33. And about thirty minutes prior to this incident, plaintiff had gone to Autozone to purchase auto parts for the car he and Baptiste were working on.

34. Plaintiff was transported in a police van to the 77th precinct where he was detained.

35. After detaining plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

36. While plaintiff was awaiting arraignment, defendants met with prosecutors employed

by the New York County District Attorney's Office.

37. During this meeting, defendants falsely stated to the prosecutors, among other things, that plaintiff was in possession of controlled substance, firearm ammunition and a stolen department radio.

38. Based on the false testimony of the defendants, a prosecution was commenced against plaintiff.

35. Plaintiff was charged with, among other things, criminal possession of controlled substance, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and unlawful possession of marijuana.

36. The defendants continued the malicious prosecution of plaintiff until December 7, 2017 when all the charges brought against plaintiff were dismissed.

37. Plaintiff suffered and continues to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, loss of income, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

38. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

39. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

40. The Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

43. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION:
### 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

46. Such conduct described herein violated plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

47. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A THIRD CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE SEARCH & SEIZURE

48. Plaintiff reiterates paragraphs 1 through 47 and incorporates such by reference herein.

49. Defendant officers subjected plaintiff to unreasonable search and seizure.

50. Such conduct described herein violated plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

52. Plaintiff reiterates paragraphs 1 through 51 and incorporates such by reference herein.

53. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

54. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

55. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

56. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

57. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

58. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

59. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning

racial profiling.

60 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

61. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

62. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

63. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

### AND AS FOR A FIFTH CAUSE OF ACTION: PENDENT CLAIM OF ASSAULT AND BATTERY

64. Plaintiff reiterates paragraphs 1 through 63 and incorporates such by reference herein.

65. By their conduct, as set forth above, defendant officers committed acts of battery against plaintiff which included grabbing and slamming him on the ground. The use of physical force against plaintiff was willful and unwarranted.

66. By reason of and as a consequence of the assault detailed above, plaintiff suffered severe and serious physical and mental injuries.

### AND AS FOR AN SIXTH CAUSE OF ACTION:
### PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

67. Plaintiff reiterates paragraphs 1 through 66 and incorporates such by reference herein.

68. Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained, charged with crime and deprived of his liberty against his will, and was imprisoned by defendant officers.

69. At all relevant times, the defendant officers acted forcibly in apprehending plaintiff.

70. Following his arrest, plaintiff was wrongfully harassed, threatened, strip searched and subjected to the taking of mug shots and fingerprinting.

71. The false and unlawful arrest and imprisonment of plaintiff was without any justification or probable cause, and was forcible and against his will.

72. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

73. At all relevant times, the defendant officers and other John Doe police officers who were responsible for the false arrest and imprisonment of plaintiff were employees of the defendant City through the NYPD, and were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

74. As a direct and proximate result of the false arrest and imprisonment of plaintiff as detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A NINTH CAUSE OF ACTION:
### PENDENT CLAIM OF MALICIOUS PROSECUTION

75. Plaintiff reiterates paragraphs 1 through 74 and incorporates such by reference herein.

76. Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

77. Plaintiff was required to, and did, appear in court on multiple occasions to defend

himself from the false charges levied against him with malice by defendants.

78. Eventually, the criminal proceedings terminated in plaintiff's favor.

79. Because of the conduct of defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

80. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.   For compensatory damages in an amount to be proven at trial - against all defendants, jointly and severally;

ii.  For punitive damages against the individual defendants in an amount to be proven at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.  For pre-judgment interest as allowed by law; and

v.   For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       December 3, 2018

                                              LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                              By:     /s/
                                                    Philip Akakwam
                                                    Attorneys for the Plaintiff
                                                    303 Livingston Street, 2nd Floor
                                                    Brooklyn, N.Y. 11217
                                                    (718) 858-2488

Index No. 18-CV-6897

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MONDARAY WHITAKER

                         Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER
RENE CASTELLANO [Shield # 2610] and
JOHN DOE AND JANE DOE
(the names John and Jane Doe being fictitious
as their true names are presently unknown)


                        Defendants.

---

# COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____